IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ESTATE OF GARY ELLISON<br>by and through his personal<br>representative, MICHAEL ELLISON,<br>individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CLASS.COM, INC., d/b/a<br>ERA CLASS.COM, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 08-162<br>)<br>)<br>)<br>)  CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Comes now, the above named Class Representative, Estate of Gary Ellison, by and through his personal representative, Michael Ellison, both on his own and on behalf of all others similarly situated, by and through her attorneys of record, and for his complaint, alleges as follows:

### I.    INTRODUCTION

1. This is a class action on behalf of a class consisting of all persons whom qualify under applicable Real Estate Settlement Procedures Act ("RESPA") regulations and who have paid an "Processing Fee" to Class.com, Inc., d/b/a ERA Class.com, Inc., (hereinafter, "ERA") during the period when ERA has collected and/or accepted such fee in connection with a real estate settlement involving a federally related mortgage loan.

2. Defendant, ERA has unlawfully collected and accepted a Processing Fee from the Class Members.

3. Defendant's collection of the aforementioned Processing Fee is in violation of 12 U.S.C. § 2607, titled, "Prohibition against Kickbacks and Unearned Fees."

## II. THE PARTIES

4. The Class Plaintiff, Estate of Gary Ellison, by and through his Personal Representative, Michael Ellison, (hereinafter "Ellison") hereby seeks money damages, injunctive relief, and all other relief as may be awarded under the law.

5. Michael Ellison was duly appointed Personal Representative by an order of the Baldwin County Probate Court on March 21st 2007 (attached hereto as Exhibit A).

6. Ellison is more than 19 years of age and is an adult resident of Baldwin County, Alabama. Plaintiff Ellison was required to pay ERA a Processing Fee at the closing and settlement where he sold certain real estate in connection with a federally related loan for which he was a seller.

7. Defendant, ERA Class.com, Inc, an Alabama corporation, provides real estate related services to customers in the Baldwin County area and other parts of Alabama.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the conduct complained of herein is violative of the law of the United States of America, 12 U.S.C. § 2607.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as: (1) the corporate Defendant is a legal resident of this Judicial District; (2) many of the acts, events, or

omissions giving rise to the claim presented herein arose in this Judicial District; and (3) the Defendant can be found in this Judicial District.

## IV.   BACKGROUND

**RESPA - AN OVERVIEW**

10.   In the early 1970's, Congress became concerned about predatory lending practices in the housing industry, and in 1974 enacted a remedial consumer protection statue. RESPA, "to ensure that consumers throughout the Nation are . . . protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a).

11.   As Congress has indicated, the purpose of RESPA is, inter alia, "to effect certain changes in the settlement process for residential real estate that will result . . . in the elimination of . . . fees that tend to increase unnecessarily the costs of certain settlement services." 12 U.S.C. § 2601(a) and (b).

12.   Congress' desire to eliminate excessive settlement fees is manifested in Section 8 of RESPA, which prohibits kickbacks and fee-splits related to real estate settlement services as follows::

> § 2607 Prohibition Against Kickbacks and Unearned Fees
> a)   Business Referrals. No person shall give and no person shall accept any fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
> b)   Splitting Charges. No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

13. The United States Department of Housing and Urban Development ("HUD") has issued implementing regulations for RESPA which define "settlement service" as "any service provided in connection with a prospective or actual settlement, including . . . [the] rendering of credit reports and appraisals." 24 C.F.R. Part 3500.2.

## V.   CLASS ALLEGATIONS

14. This class action is brought by the named representative plaintiff pursuant to 12 U.S.C. § 2607(d)(5). A class action is appropriate and necessary in this instance because ERA has engaged in conduct violative of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 on a widespread and systematic basis.

15. Pursuant to the United States Code Title 12 sections 2607(d)(5), 2614 and Federal Rule of Civil Procedure 23(b)(2) and (b)(3), plaintiff, Ellison, brings this action on behalf of himself and all others similarly situated.

16. The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in ERA's course of business.

17. The class that plaintiff seeks to represent is composed of all persons who have paid Processing Fee to ERA whose transactions qualify under applicable RESPA regulations.

18. The Class Definition is as follows:

All individuals whether or not having any relationship with Defendant, who have paid a "Processing Fee" to Defendant pursuant to real estate closing and/or settlement in connection with a federally related mortgage loan transactions are covered and protected by RESPA regulations.

19. Plaintiff Ellison is informed and on that basis alleges that the Plaintiff Class numbers in excess of thousands of persons and is so numerous that joinder of all members would be impracticable. The representative Plaintiff will fairly and adequately represent the members of the Class and have no interests which are antagonistic to the claims of the Class.

20. There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues. These common questions of law and fact include:

   a. Whether Defendant's practice of collecting and accepting a Processing Fee is violative of the Federal Real Estate Settlement Procedures Act, codified at 12 U.S.C. § 2607;

   b. Whether Defendant provided any new or additional service to class members in exchange for the $295.00 Processing Fee it has collected from each class member;

   c. Whether Defendant's charge for $295.00 for a Processing Fee is an unearned fee under RESPA;

   d. Whether Defendant's charge of $295.00 for Processing Fee is a duplicative fee under RESPA.

21. The claim asserted by Plaintiff Ellison in this action is typical of the claims of the members of the Plaintiff Class.

22. The representative Plaintiff has retained counsel who are competent and experienced in consumer class action litigation, and have successfully represented consumers in complex class actions. Counsel have agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

23. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. In addition, because the economic damages suffered by the individual class members are relatively modest compared to the expense and burden of individual litigation, it would be impracticable for members of the Plaintiff Class to seek individual redress for the wrongful conduct alleged herein.

24. There will be no undue difficulty in the management of this litigation as a class action.

## VI. GENERAL ALLEGATIONS

25. Plaintiff sold a residential home located in Baldwin County, Alabama on November 15th 2007. That real estate is described as 12893 7th Street, Lillian Alabama, 36549.

26. In connection with the sale of the property, Plaintiff received monies from a federally related loan transaction as that term is defined in the Act.

27. Plaintiff employed an agent of ERA in connection with said sale of real estate. ERA charges and was paid a commission, of 7% or $6,335.00, which fully compensated it for all services that it performed or arraigned regarding the transaction at issue.

28. The transaction was closed on November 15th 2007.

29. At closing, ERA added a settlement charge, called a "Processing Fee," to the settlement statement (i.e., "HUD-1 Settlement Statement") in the amount of $295.00.

30. This $295.00 Processing Fee was a separate and distinct charge and a separate and distinct line item on the HUD 1 Settlement Statement. The Processing Fee was charged in addition to the "Commission Paid at Settlement" of $3,760.00 represented on Plaintiff's HUD 1 Settlement Statement attached as Exhibit 1.

31. The Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 and the implementing regulation, 24 CFR § 3500.14(c): prohibit certain conduct in connection with federally related mortgage settlement services.

32. RESPA was enacted by the Congress in order that consumers be protected from unnecessarily high settlement costs and for the express purpose of reducing settlement fees for real estate transactions.

33. At all times relevant to this Complaint, Defendant has unlawfully and on a systematic basis charged and accepted purported settlement related charges, in the form of "Processing Fees" from consumers (the class plaintiffs) without rendering any service in exchange for said fee.

34. Thus, no new or additional service is provided for this additional settlement fee with its own separate and distinct line item and charge on the settlement statement. Therefore, ERA's charging and acceptance of the Processing Fee violates RESPA because (1) it is a fee for which no service is rendered and/or (2) it is a duplicate fee for services already rendered as part of the total sales/broker's commission."

35. Upon information and belief, for at least the past three years, ERA has been charging and accepting settlement charges in the form of "Processing Fees" fees from thousands of class members.

36. The total time period during which Defendant has collected such fee is unknown but is determinable from the business records of the Defendant and is believed to be ongoing to this date.

37. The charges for unlawful Processing Fees are reflected on the settlement statements of ERA customers. The documents reflecting the identity of the individuals to whom ERA has charged and accepted this illegal fee are contained within the settlement statements in the possession, custody and control of ERA or its agents.

### VII.   FIRST CAUSE OF ACTION
### Violation of the Real Estate Settlement Procedures Act
### 12 U.S.C. § 2607; 24 C.F.R. § 3500.14

38. Plaintiff Ellison, on behalf of himself and all others similarly situated realleges and incorporates herein, as though set forth in full, the allegations of the relevant paragraphs above.

39. Defendant has unlawfully accepted settlement charges from consumers (reflected on HUD-1 Settlement Statements) in the form of Processing Fees, in connection with federally related mortgage loans, without rendering any service in connection with said charge and/or Defendant has unlawfully charged and accepted "Processing Fees" as unearned and duplicative fees for services it was already fully compensated.

40. Defendant's aforementioned conduct is violative of 12 U.S.C. § 2607 and 24 C.F.R. § 3500.14.

**WHEREFORE,** on all asserted causes of action against Defendant, Plaintiff and the class respectfully request judgment against Defendant as follows:

a. That this Court declare Defendant's practice of collecting a Processing Fee at closing as part of the settlement process violative of the Real Estate Settlement Procedures Act;

b. For an order certifying this action may be maintained as a class action, as above defined, under Fed.R.Civ.P. 23(a) and 23(b)(3).

c. For an order appointing Plaintiffs as representatives of the class;

d. For an order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.P. 23;

e. For an order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time after discovery and dispositive motions have been resolved;

f. For violating RESPA. an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for treble damages;

g. For declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

h.    For reasonable attorneys' fees as provided by law and statute;

i.    For pre-and-post judgment interest as provided by law in an amount according to proof at trial:

j.    For an award of costs and expenses incurred in this action; and

k.    For such other relief as the court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR. (UNDEE6591)
JAMES D. PATTERSON (PATTJ6485)
Attorney for Plaintiffs
Post Office Box 969
Fairhope, Alabama 36533
Telephone:  (251) 990-5558
Facsimile:  (251) 990-0626
E-Mail:  epunderwood@alalaw.com
E-Mail:  jpatterson@alalaw.com

/s/ Kenneth J. Riemer
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiffs
P.O. Box 1206
Mobile AL 36633
Telephone:  (251) 432-9212
Facsimile:  (251) 433-7172
E-mail:  kenneth.riemer@kenriemerlaw.com