```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

ESTATE OF GARY ELLISON,         :
etc., et al.,                   :
                                :
    Plaintiffs,                 :
                                :
v.                              :   CIVIL ACTION 08-162-M
                                :
CLASS.COM, INC., d/b/a,         :
ERA CLASS.COM., INC.,           :
                                :
    Defendant.                  :

## MEMORANDUM OPINION AND ORDER

This action comes before the Court on Defendant's Motion to Dismiss (Doc. 6).  Jurisdiction has been invoked in this Court under 28 U.S.C. 1331, pursuant to the provisions of the Real Estate Settlement Procedures Act (hereinafter *RESPA*).  *See* 12 U.S.C. § 2601.  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 11).  After consideration, Defendant's motion is **DENIED**.

The facts, briefly, are as follows.  Michael Ellison was appointed Personal Representative for the Estate of Gary Ellison (hereinafter *Ellison*), Plaintiff in this action (*see* Doc. 1, ¶¶ 4-5).  On November 15, 2007, Ellison sold a home in Baldwin County in a transaction which was handled by Defendant ERA Class.com, Inc. (hereinafter *ERA*) (*see* Doc. 1, ¶¶ 6-7, 25-28).

As part of that transaction, Plaintiff was required to pay a "processing fee" of $295.00 (*see* Doc. 1, ¶¶ 29-30).  Ellison has brought this action, claiming that this processing fee is a violation of RESPA (Doc. 1).  Ellison also seeks to have this action declared a class action on behalf of all individuals who have paid this same "processing fee" (*see* Doc. 1, ¶¶ 14-18).[1]

Defendant has filed a Motion to Dismiss this action, claiming that RESPA is inapplicable to this particular transaction (Doc. 6).  Plaintiff has filed a Response to the Motion (Doc. 13), to which Defendant has Replied (Doc. 14).

The Court notes initially that jurisdiction is apparently satisfied under 28 U.S.C. § 1331 if RESPA has been properly invoked in this action.  If RESPA is not appropriate, which is what will be determined herein, this action will be dismissed.

When considering a motion to dismiss, the Court accepts as true the non-moving party's allegations.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 45-46

---

[1]The question of class certification is not before the Court at this time.

(1957)).[2]  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).  The Court notes that "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low."  *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983).

Moving to the substance of this action, the Court notes that the Real Estate Settlement Procedures Act was passed "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges."  12 U.S.C. § 2601(a).  The purpose of RESPA was to cause "changes in the settlement process for residential real estate that will result . . . in the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services."  12 U.S.C. §

---

[2]The Court is aware that *Conley* has been put to rest by *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1974 (2007) (Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face") but finds, nevertheless, that the legal standards set out herein properly set out the respective burdens of the parties.  This is especially true as Defendant's Motion to Dismiss is based on a question of law and not on Plaintiff's statement of the facts.

2601(b)(2).

In bringing this action, Plaintiff has pointed to two specific provisions of RESPA which are as follows:

> (a) Business referrals
>
> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> (b) Splitting charges
>
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607.  The Court notes that the statute provides for criminal penalties for violating these sections as well as civil penalties of treble damages payable to the person(s) improperly charged.  12 U.S.C. § 2607(d)(1 and 2).  A prevailing party in an action brought pursuant to this statute may be awarded court costs and reasonable attorneys' fees.  12 U.S.C. § 2607(d)(5).

In this action, Plaintiff has asserted a violation under subsection (a) and (b) (Doc. 1, ¶¶ 3, 12, 40).  Ellison has not, however, specified which subsection has been violated though the

Court does not find this to be fatal to the claim.[3]

In bringing ths Motion to Dismiss, Defendant has not disputed any of the factual assertions.  Rather, ERA asserts that RESPA is not applicable to this transaction because Plaintiff was the seller in this transaction.  Defendant holds fast to the notion that RESPA was enacted for the benefit of purchasers and not to sellers (Doc. 6).  ERA has cited three different cases as support for its argument (Doc. 6, p. 2; Doc. 14, p. 2).  A brief discussion of those three cases—and the reasons they are not applicable here—follows.

In *Bieber v. Sovereign Bank*, 1996 WL 278813, *6 n.6 (E.D. Pa. 1996), the District Court dismissed the action because the Plaintiffs, sellers in that transaction, "never actually raised a RESPA claim in their Complaint."  Although the provisions cited by Plaintiff in this action were discussed by the *Bieber* Court, *Bieber*, at *4, that Court found that the provisions were not applicable in that the particular transgression there was not contemplated by 12 U.S.C. § 2607.  In light of these particular findings by the *Bieber* Court, the Court finds the balance of that Court's discussion to be irrelevant to the issue in this action.

In *Rawlings v. Dovenmuehle Mortgage, Inc.*, 64 F.Supp.2d 1156 (M.D. Ala. 1999), Plaintiffs, purchasers of a house, sued the

---

[3]It would appear, though, that as Ellison's claim is, essentially, that a charge was made for which no service was provided, that subsection (b) would be the more relevant of the two.

mortgage company for claims under 12 U.S.C. § 1205.[4]  As *Rawlings* fails to consider the specific statute in question here, 12 U.S.C. § 1207, the Court finds it immaterial to the discussion here.

In *Norris v. Fairbanks Capital Corporation*, 2004 WL 1638119 (E.D. La. 2004), *affirmed*, 178 Fed.Appx. 401 (5th Cir. 2006), the Plaintiff, a seller of her house, brought an action, asserting a smorgasbord of claims, seeking payment on the full value of her house.[5]  In *Norris*, the District Court specifically held that "[RESPA] is intended to protect the buyer in real estate transactions.  The seller is not the intended beneficiary of the act," citing 12 U.S.C. § 2605.  The Court finds that *Norris*, like *Rawlings*, is inapplicable to the discussion at hand.

In summary, although Defendant has argued that sellers are not the intended beneficiaries of the provisions of RESPA, ERA has failed to bring forth caselaw which supports that notion with respect to the statutory provisions raised by Plaintiff.  In rebuttal, Ellison has pointed to several cases as support for its claim, but the Court will discuss only one, as it is the most relevant and comes from our own Circuit.

---

[4]Section 1205 is entitled "Servicing of mortgage loans and administration of escrow accounts."

[5]A judgment had been entered against Plaintiff in a separate action and a lien had been filed against the house, so Plaintiff was not receiving the full amount.

In *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314 (11th Cir. 2008), the Plaintiff, a house purchaser, brought a class action suit under RESPA asserting that no services had been provided for a particular fee that had been charged.  The District Court denied class certification, but the Eleventh Circuit Court of Appeals found that the lower court had applied the wrong legal standard and reversed the decision.  In reaching that conclusion, the Appellate Court specifically held the following:

> Here, as noted by the district court, there is an issue of law common to all of the putative representatives:  whether the ABC Fees violated RESPA § 8(b)[6] because no services were provided, **either to sellers or buyers**, for whatever ABC Fee was paid.  This claim is common to all possible plaintiffs including Busby.  RealtySouth has not enumerated any services that were provided to either sellers or buyers in exchange for the ABC Fee.  Therefore, we find, as did the district court, that Busby's claim is typical of all possible plaintiffs including sellers as well as buyers like Busby.

*Busby*, 513 F.3d at 1323 (emphasis added).  Even though the plaintiff in *Busby* was a purchaser, the Eleventh Circuit language clearly states that the RESPA provision in question in this action is applicable to buyers and sellers alike.

The Court finds that Plaintiff has stated a cause of action under RESPA and that this action should proceed.  For the reasons

---

[6]The Court notes that RESPA § 8(b) is 12 U.S.C. § 2607(b).

set out herein, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. 6) be **DENIED**.[7]

DONE this 16th day of June, 2008.

                                             s/BERT W. MILLING, JR.
                                             UNITED STATES MAGISTRATE JUDGE

---

[7] The Court notes that Defendant has correctly noted that the statute of limitations under 12 U.S.C. § 2607(b) is one year—and not three years.  12 U.S.C. § 2614.